IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ELLIS, et al., | No. C-13-1266 MMC |
|     Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART CROPLIFE AMERICA AND RISE'S MOTION TO INTERVENE; DIRECTIONS TO INTERVENING DEFENDANTS** |
| v. | |
| STEVEN P. BRADBURY, et al., | |
|     Defendants. | |

Before the Court is the motion to intervene, filed July 30, 2013, by CropLife America and RISE. Plaintiffs have filed opposition, to which CropLife America and RISE have replied. Defendants Steven Bradbury and Gina McCarthy have filed a statement of non-opposition. Having read and considered the papers filed in support of and in response to the motion, the Court rules as follows.[1]

In their motion, CropLife America and RISE seek, pursuant to Rule 24 of the Federal Rules of Civil Procedure, leave to intervene as defendants in the above-titled action. See Fed. R. Civ. P. 24(a) (providing for intervention as of right under specified circumstances).

At the outset, the Court notes that CropLife America is described as a "not-for-profit trade association" that is "organized as a corporation under the laws of Delaware (see Certification, filed July 30, 2013, at 2:21-22), and RISE is described as a "standing

---

[1] By order filed September 3, 2013, the Court took the matter under submission.

1  committee of CropLife America" (see Lattimore Decl. ¶ 3). Because RISE is neither an
2  individual nor a corporation, its capacity to appear as a party in federal court is determined
3  "by the law of the state where the court is located." See Fed. R. Civ. P. 17(b)(3). RISE
4  cites to no California law providing that a "committee" of a corporation may appear in court
5  as an entity distinct from the corporation, and the Court has located none. Accordingly, to
6  the extent the motion seeks an order allowing RISE to intervene as a defendant, the motion
7  will be denied.

8  As to the remaining applicant, CropLife America, the Court employs the following
9  four-part test: "(1) the application for intervention must be timely; (2) the applicant must
10 have a significantly protectable interest relating to the property or transaction that is the
11 subject of the action; (3) the applicant must be so situated that the disposition of the action
12 may, as a practical matter, impair or impede the applicant's ability to protect that interest;
13 and (4) the applicant's interest must not be adequately represented by the existing parties
14 in the lawsuit." See Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818
15 (9th Cir. 2001) (internal quotation and citation omitted). As discussed below, the Court
16 finds CropLife America has made the requisite showing.

17 First, the motion to intervene is timely, having been filed approximately two months
18 after the complaint was filed and before any substantive matter has been decided.

19 Second, as CropLife America points out, at least four of CropLife America's
20 members, specifically, Arysta LifeScience ("Arysta"), Bayer CropScience ("Bayer"), Valent
21 U.S.A. Corporation ("Valent"), and Syngenta Crop Protection ("Syngenta"), hold
22 registrations that plaintiffs, by the instant action, are challenging (see First Amended
23 Complaint ("FAC") App. A, B),[2] and, consequently, each of those members has a
24 significantly protectable interest, see Sierra Club v. EPA, 995 F.2d 1478, 1482-83 (9th Cir.
25 1993) (holding, where plaintiff challenged government's issuance of permit to city under

---

[2]It would appear that plaintiffs also challenge two registrations issued to Valent Biosciences (see FAC App. A at 5), which entity is a member of CropLife America (see Certification at 2:16). The motion to intervene, however, makes no reference to said corporation.

1  Clean Water Act, city had sufficiently protectable interest to support intervention as of right).
2  Where, as here, at least some of the members of an applicant trade association have a
3  sufficiently protectable interest, the association likewise has such interest. See Southwest
4  Center for Biological Diversity, 268 F.3d at 821-22 (holding where "several members" of
5  building trade association had protectable interests in transaction challenged by plaintiff,
6  association likewise had protectable interest).

7  Third, because plaintiffs seek, inter alia, an order requiring the Environmental
8  Protection Agency ("EPA") to "vacate" the challenged registrations (see FAC ¶¶ 169, 170),
9  disposition of the above-titled action may impair the protectable interests of certain
10 members of CropLife America, and, by extension, CropLife America. See Southwest
11 Center for Biological Diversity, 268 F.3d at 821-22 (holding trade association established
12 third element where some of its members' "interests could be affected" by resolution of
13 plaintiffs' claims)

14  Fourth, the Court finds CropLife America has met the "minimal" burden, see id. at
15 823, of demonstrating the existing parties may not adequately represent its interests.
16 Specifically, the EPA's range of considerations in connection with the environment are
17 broader than CropLife America's private interest in protecting the existing registrations of
18 its members. See, e.g., id. at 824 (holding, even where city believed city and applicant
19 trade associations shared same "ultimate objective" in preserving challenged land use
20 plan, trade associations established fourth element; noting "[t]he interests of government
21 and the private sector may diverge"). Further, although the Court, by prior order, has
22 allowed Bayer, Valent, and Syngenta to intervene as defendants, Arysta, a member of
23 CropLife America, has not intervened, and the Court cannot determine, from the
24 allegations in the FAC or otherwise, that the grounds asserted by plaintiffs for vacatur of
25 Arysta's registrations are the same as those raised as to the above-referenced intervenors.
26 Indeed, at least some variations appear likely. For example, because the registrations
27 were issued on various dates spanning a ten-year period (see FAC App. A), resolution of
28 plaintiffs' claim that a "reasonable time for the conditions of the[ ] product registrations to

be met . . . has long passed" (see FAC ¶ 121), may vary from registration to registration. Similarly, because the composition of the registered products varies considerably (see FAC App. A), resolution of plaintiffs' claim that any particular intervenor has "not met [its FIFRA] burden" (see FAC ¶ 142) is unlikely to be determinative as to the other intervenors.

Accordingly, to the extent the motion seeks an order allowing CropLife America to intervene as a defendant, the motion will be granted.

Lastly, the Court has considered plaintiffs' request, made in the event the Court grants the instant application, to require CropLife America to file, along with Bayer, Valent, and Syngenta, a joint motion to dismiss, as opposed to a separate motion.[3] Although CropLife America opposes any such limitation, it fails to identify any need for separate briefing as to any issue that may be raised by such motion, and the Court, having reviewed the record filed to date, finds the requested limitation reasonable. See Fed. R. Civ. P. 24, Advisory Committee Notes to 1966 Amendments ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); Natural Resources Defense Council v. Norton, 2006 WL 39094, *12 (E.D. Cal. 2006) (citing Advisory Committee Notes in rejecting argument that proposed intervention would cause undue procedural burden; noting party afforded leave to intervene "may be required to coordinate briefing or share oral argument with the existing parties").

**CONCLUSION**

For the reasons stated above:

1. To the extent the motion seeks an order allowing CropLife America to intervene as a defendant, the motion is hereby GRANTED.

2. To the extent the motion seeks an order allowing RISE to intervene as a defendant, the motion is hereby DENIED.

---

[3] By order filed August 6, 2013, the Court approved, with some modifications, the parties' stipulation setting a briefing schedule and hearing on a motion to dismiss to be filed by Bayer, Valent, and Syngenta.

4

3. All intervening defendants, specifically, Bayer, Valent, Syngenta, and CropLife America are hereby DIRECTED to file a joint motion to dismiss and a joint reply.

**IT IS SO ORDERED.**

Dated: September 6, 2013

MAXINE M. CHESNEY
United States District Judge