ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Telephone (202) 514-0375
Facsimile (202) 514-8865
JOHN H. MARTIN (CO Bar No. 32667)
John.H.Martin@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone (303) 844-1383

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE ELLIS, et al., <br><br>            Plaintiffs, <br><br>     v. <br><br> STEVEN P. BRADBURY, in his official capacity as Director of the Office of Pesticide Programs in the United States Environmental Protection Agency, et al., <br><br>            Defendants. | Case No.: 3:13-cv-1266-MMC <br> **EPA'S REPLY BRIEF** <br><br> Date: January 24, 2013 <br> Time: 9:00 am <br> Courtroom: 7, 19th Floor |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  ARGUMENT .............................................................................................................2

    A.   CLAIM 1 MUST BE DISMISSED FOR LACK OF JURISDICTION .................2

    B.   CLAIMS 3 AND 4 MUST BE DISMISSED UNDER FED. R. CIV. P.
       12(b)(6) ..................................................................................................................4

    C.   CLAIMS 5 AND 6 MUST BE DISMISSED UNDER FED R. CIV. P.
       12(b)(6) AND FOR LACK OF JURISDICTION.........................................................6

        1.   *Failure to Take Action Upon Expiration of Period for
           Satisfaction of Conditions* ...........................................................6

        2.   *Imposition of Reasonable Time Frame or Registering Uses
           with "Vague and Unenforceable Conditions"*.............................7

    D.   CLAIMS 7 AND 8 MUST BE DISMISSED UNDER FED. R. CIV. P.
       12(b)(6) ..................................................................................................................9

    E.   CLAIMS 13 AND 14 FAIL TO STATE A CLAIM FOR RELIEF AND
       ARE NOT WITHIN THE COURT'S JURISDICTION.........................................10

        1.   *Plaintiffs' Notice of ESA Claims Is Deficient and Deprives the
           Court of Jurisdiction Over Several ESA Claims*.........................11

           a.   Several Plaintiffs Failed to Provide the Statutorily Required
              Notice to Bring Any ESA Claims ……………………......   11

           b.   Plaintiffs Have Failed to Provide the Statutorily Required Notice
              to Bring Any ESA Section 9 Claims …………………......   12

           c.   Plaintiffs' ESA Notice Fails to Provide The Requisite Specificity
              of The Allegedly Unlawful Actions…………………......   12

        2.   *The Amended Complaint's ESA Claims Lack the Factual
            Allegations Necessary to State a Claim or Establish
           Jurisdiction* .................................................................................14

           a.   The Allegations of Take In Violation of ESA Section 9
              Should Be Dismissed for Failing to State a Claim .......................14

     b. <u>Plaintiffs Have Not Adequately Alleged Their Standing
to Challenge the ESA Compliance for Each and Every
One of the 103 Alleged EPA Registrations Listed in the
Complaint</u>......................................................................................16

III.  CONCLUSION............................................................................................20

**FEDERAL CASES**

American Tunaboat Association v. Baldrige, 738 F.2d 1013 (9th Cir. 1984)................... 4

Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ............................ 5

Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv., 273 F.3d 1229

  (9th Cir. 2001)............................................................. 15

Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or., 515 U.S. 687 (1995) ........... 16

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...................................... 5, 20

Butte County v. Hogen, 613 F.3d 190 (D.C. Cir. 2010)...................................3

Chapman v. Pier 1 Imps. (U.S.), 631 F.3d 939 (9th Cir. 2011)......................... 18

Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961 (9th Cir. 2003) ......... 17

Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138 (2013) ................................ 18

Ctr. for Biological Diversity v. EPA, No. 11-0293, 2013 WL 1729573

  (N.D. Cal. Apr. 22, 2013) ...................................... 16, 18, 19, 20

Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1997)........................................8

Davis v. EPA, 348 F.3d 772 (9th Cir. 2003) ......................................3, 4

Defenders of Wildlife v. Bernal, 204 F.3d 920 (9th Cir. 2000)........................ 16

Fisher v. Tucson Sch. Dist. No. 1, 625 F.2d 834 (9th Cir. 1980) ..................... 19

Hallstrom v. Tillamook Cnty., 493 U.S. 20 (1989) ................................. 11

In re Apple iPhone Antitrust Litig., No. 11-CV-6714, 2013 WL 4425720

  (N.D. Cal. Aug. 15, 2013)......................................... 20

Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) ............................ 15

Lewis v. Casey, 518 U.S. 343 (1996) ............................................ 17

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ......................... 16, 18, 19

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990)................................ 19

Marbled Murrelet v. Babbitt, 83 F.3d 1068 (9th Cir. 1996) ................... 13, 14, 16

McGlinchy v. Shell Chem. Co., 845 F.2d 802 (9th Cir.1988)......................... 14

Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644 (2007)................ 17

Nat'l Wrestling Coaches Ass'n v. U.S. Dep't of Educ.,  263 F. Supp. 2d 82

   (D.D.C. 2003), aff'd 366 F.3d 930 (D.C. Cir. 2004)......................................... 19

Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004)................................ 7

Or. v. Legal Servs. Corp., 552 F.3d 965 (9th Cir. 2009) ................................... 17

Papasan v. Allain, 478 U.S. 265 (1986).......................................................... 14

Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220 (9th Cir. 2008) .... 17

Savage v. Glendale Union High Sch., 343 F.3d 1036 (9th Cir. 2003) ............................ 15

Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation,

   143 F.3d 515 (9th Cir.1998) ...................................................................... 12

Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012) ........ 14

Summers v. Earth Island Inst., 555 U.S. 488 (2009) .................................... 17, 18

United States v. Corinthian Colls., 655 F.3d 984 (9th Cir. 2011) .................................... 15

Warth v. Seldin, 422 U.S. 490 (1975).............................................................. 19

Wash Toxics Coal. v. EPA, Case No. 01-132C, 2002 WL 34213031

   (W.D. Wash. July 2, 2002) ...................................................................... 20

Wash. Trout v. McCain Foods, 45 F.3d 1351 (9th Cir. 1995).................................. 11, 12

Whitmore v. Arkansas, 495 U.S. 149 (1990)................................................... 19

Wilderness Soc'y v. Rey, 622 F.3d 1251 (9th Cir. 2010) .................................... 17

Wind River Mining Corp. v. United States, 946 F.2d 710 (9th Cir. 1991) ...................... 8


**FEDERAL STATUTES**

5 U.S.C. § 552.......................................................................................... 5

5 U.S.C. § 706(1) ................................................................................... 2, 7

5 U.S.C. § 706(2) ...................................................................................... 2

7 U.S.C. § 136a(c)(4) ............................................................................. 5, 6

7 U.S.C. § 136a(c)(5) ................................................................................. 9

7 U.S.C. § 136a(c)(7) ................................................................................. 7

7 U.S.C. § 136a(c)(7)(C) .................................................................................... 7, 8

7 U.S.C. § 136d(e)(1) ....................................................................................... 6, 7

7 U.S.C. § 136d(e)(1)(B) ..................................................................................... 7

16 U.S.C. § 1538 .......................................................................................... 12, 14

16 U.S.C. § 1540(g) ...................................................................................... 11, 12

16 U.S.C. § 1540(g)(2)(A) ................................................................................. 13

16 U.S.C. § 1540(g)(2)(C) ................................................................................. 11

28 U.S.C. § 2401(a) ........................................................................................... 8


**FEDERAL RULES**

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ........................................................................... 4, 6, 7, 9


**FEDERAL REGULATIONS**

40 C.F.R. § 152.102 ............................................................................................ 5

40 C.F.R. § 152.119(c) ........................................................................................ 5

40 C.F.R. § 2.307 ................................................................................................ 5

40 C.F.R. Part 2 .................................................................................................. 5


**FEDERAL REGISTER NOTICES**

77 Fed. Reg. 44,233 (July 27, 2012) ................................................................. 1


**LOCAL RULES**

Civil L. R. 7-3(c) ................................................................................................ 1

Pursuant to Civil L. R. 7-3(c) and the Court's Order of October 25, 2013 (Dkt. No. 82), EPA respectfully submits this Reply Brief in support of its Motion to Dismiss.

## I. INTRODUCTION

In response to EPA's Motion to Dismiss (Dkt. No. 59, hereinafter "EPA Mot."), Plaintiffs have voluntarily withdrawn Claim 2 (review of an alleged petition related to thiamethoxam), Claim 10 (suspension of thiamethoxam registrations), and Claims 11 and 12 (labeling). In their Opposition (Dkt. No. 83, hereinafter "Pls.' Opp."), Plaintiffs clarify certain elements of their First Amended Complaint (Dkt. No. 17), particularly with respect to Claims 1 and 9.

As explained in EPA's Motion, EPA received a petition entitled "Emergency Citizen Petition to the United States Environmental Protection Agency Seeking Suspension of Registration for Clothianidin" dated March 20, 2012 (hereinafter, "the Petition," Ex. A to EPA Mot.) requesting, *inter alia*, the immediate suspension of all clothianidin registrations and initiation of special review and cancellation proceedings "within 90 days" of the filing date. Petition at 5, 40. EPA responded to that portion of the Petition on July 17, 2012, denying the request for immediate suspension of clothianidin registrations. Compl. ¶ 5, n.4 ("the Partial Response") (Ex. D to EPA's Mot.). Despite requesting action within 90 days, the petitioners provided two supplemental filings, dated May 3, 2012 and June 18, 2012, Compl. ¶ 82 (hereinafter, "the Supplemental Filings"), that they now complain EPA should have considered in the Partial Response. EPA, however, decided to respond quickly to the immediate suspension request and to address the remaining three issues in the petition (hereinafter, the "remainder of the Petition") along with the Supplemental Filings after receiving and considering public comments on the Petition. *Clothianidin; Emergency Petition to Suspend; Notice of Availability*, 77 Fed. Reg. 44,233 (July 27, 2012). EPA stated that it would determine in connection with the "review whether the comments received support the reconsideration" of the Partial Response. Id. at 44,234.

EPA's Motion to Dismiss addressed the three elements that appeared to constitute Claim 1:

> (1)  Paragraph 103 alleges that EPA's failure to consider two post-petition supplemental filings in the Partial Response was arbitrary and capricious under 5 U.S.C. § 706(2).
>
> (2)  Paragraph 103 also alleges that EPA's final action denying the request for immediate suspension of clothianidin registrations is arbitrary and capricious under 5 U.S.C. § 706(2).
>
> (3)  Paragraph 104 alleges that EPA's failure to have presently reconsidered the Partial Response, the two post-petition supplemental filings, and/or the remainder of the Petition constitutes an unreasonable delay under 5 U.S.C. § 706(1).

EPA Mot. at 12.  EPA also construed Claim 9 to be duplicative of Claim 1, element 2 above.  EPA Mot. at 28-29.

Plaintiffs now contend that Claim 9 (not Claim 1) directly challenges EPA's Partial Response denying the immediate suspension request.  Pls.' Opp. at 13.  Because EPA's Motion did not seek dismissal of element 2 of Claim 1, EPA Mot. at 12, and in fact acknowledged that such a claim would remain even if the Court grants EPA's motion in its entirety, EPA Mot. at 33, requesting that "[t]he Complaint [ ] be dismissed in its entirety, <u>except for the second allegation of Claim 1</u>,"  EPA confirms that it does not seek dismissal of Claim 9.  However, EPA seeks dismissal of all other claims remaining in the Complaint.

## II.    ARGUMENT

### A.    CLAIM 1 MUST BE DISMISSED FOR LACK OF JURISDICTION.

Plaintiffs have now explained that Claim 1 is solely a "procedural" challenge to EPA's decision to timely respond to the Petition without also addressing Plaintiffs' Supplemental Filings.  In other words, Plaintiffs challenge EPA's procedural decision to address the Petition in two stages.  Pls.' Opp. at 9.

Plaintiffs' Opposition conflates EPA's position on whether its Partial Response is a final agency action with EPA's position that its decision to consider the Supplemental Filings in its response to the remainder of the Petition is not a final agency action subject

to Administrative Procedure Act ("APA") (or Federal Insecticide, Fungicide, & Rodenticide Act ("FIFRA")) review. Pls.' Opp. at 9-10. EPA does not argue that the Partial Response is not a final action. Rather, EPA argues that its decision to respond to the Petition in two stages (*i.e.*, to provide a timely response to the immediate suspension portion of the Petition and then to consider the Supplemental Filings and public comments in its response to the Remainder of the Petition) was itself not a final agency action subject to APA review. EPA Mot. at 12-13.

Although EPA explained in its Partial Response that it will consider the supplemental materials in its future response to the remainder of the Petition and, if appropriate, reconsider the Partial Response, Plaintiffs appear to ignore that commitment. Instead, Plaintiffs attempt to bolster their claim with the false notion that EPA has definitively refused to give consideration to their later-filed supplements to the Petition. As discussed above, that is not in fact EPA's position. Nonetheless, each case cited by Plaintiffs involves review of a final agency action in which the agency wholly failed to consider materials provided or made a decision to rely on a particular data set; none involved an agency that agreed to consider supplemental information in a future response, as here.

In Butte County v. Hogen, for example, the National Indian Gaming Commission refused to consider a report submitted two years before it issued its decision. 613 F.3d 190, 194 (D.C. Cir. 2010). In contrast to the present case, the Gaming Commission had not agreed to consider the material in a future decision (as EPA has) and the Commission took two years to complete its action after it had received the report, plainly giving it time to consider the report in the normal course of its decision-making process.

In Davis v. EPA, the court did not in fact consider the failure of the agency to consider a particular document or submission. 348 F.3d 772 (9th Cir. 2003). Rather, the court evaluated whether the agency's interpretation of the Clean Air Act was arbitrary and capricious. California petitioned EPA to waive the oxygen level requirement in fuel. The agency determined that, because the statute required such waiver requests to have the

3

effect of aiding in attaining at least one air quality standard while not hindering attainment of any other standard, the request should be denied because the petition did not demonstrate that it would have a beneficial effect on one of the air quality standards, the ozone standard. Having denied the request because it failed to improve attainment of the ozone standard, EPA determined that it did not, as a statutory matter, need to evaluate the effect of the proposed waiver on attainment of the particulate matter standard. The court determined that EPA's interpretation of the statute, not its abstract failure to consider a document in reaching a decision, was arbitrary and capricious. Id. at 783-85.

Likewise, in American Tunaboat Association v. Baldrige, the National Oceanic & Atmospheric Administration ("NOAA") needed to determine mean school size for a particular dolphin as part of a formal rulemaking related to prevention of incidental take of dolphins during tuna fishing. 738 F.2d 1013 (9th Cir. 1984). NOAA chose to use two data sources (aerial surveys and limited research vessel data) that the agency believed "provided an adequate basis for determining mean school size" and did not incorporate data collected by federal observers on tuna vessels. NOAA did not simply refuse to consider documents or information; rather, it determined that the school size could be determined from other data. The court determined that a combination of data sources must be used to calculate school size. Id. at 1016-17. Here, in contrast, EPA has not made a technical determination to use particular data over other data. EPA instead stated that it will consider the supplemental information in due course when it responds to the remainder of the Petition and, if appropriate, reconsider the Partial Response.

In sum, Claim 1, as clarified in Plaintiffs' Opposition, must be dismissed for lack of jurisdiction because EPA's decision to proceed in stages is not a final agency action subject to review under the APA.

**B.     CLAIMS 3 AND 4 MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6).**

As to the portion of Claims 3 and 4 alleging that EPA failed to provide notice of some as yet unknown number of clothianidin and thiamethoxam "registrations and changed use

approvals," Plaintiffs do not deny that they have not sufficiently researched the registrations listed in Appendices A and B to state whether each registration is for a "new use" (as defined in 40 C.F.R. § 152.102) such that EPA would be required to publish notice under section 3(c)(4) of FIFRA, 7 U.S.C. § 136a(c)(4). Pls.' Opp. at 17-18. Plaintiffs instead simply speculate that some of the listed registration applications and issuances might (or might not) be subject to the notice requirements. Compl. ¶¶ 111-12, 116-17 (referring to "a number of" the 31 clothianidin products or "potentially . . . the vast majority" of the 64 thiamethoxam products). But such speculation does not satisfy the pleading requirement of Fed. R. Civ. P. 8(a)(2). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)").

Plaintiffs' sole substantive response relies on the erroneous premise that they need not determine whether they have a valid claim and may simply sue, have the agency provide an administrative record for each registration decision, and then have the Court determine whether they had a claim in the first place. Plaintiffs aver that this is a situation "where the facts are peculiarly within the possession and control of the defendant." Pls.' Opp. at 17 (citing Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis added)). But the facts here are actually within the reach of the Plaintiffs. For example, Plaintiffs could have obtained relevant information through the Freedom of Information Act. 5 U.S.C. § 552. Armed with their list of possible registrations, Plaintiffs could easily have gained the basic information necessary to determine whether a valid claim exists in relation to each registration.

EPA's FIFRA implementing regulations set forth the specific procedures by which the public may request and obtain pesticide registration data. Subject to some exceptions not at issue here, 40 C.F.R. § 152.119(c) provides that "within 30 days after registration, the data on which the Agency based its decision to register the product will be made available for public inspection, upon request, in accordance with the procedures in 40 C.F.R. Part 2." 40 C.F.R. § 152.119(c); see also 40 C.F.R. § 2.307 (specific instructions regarding how to obtain agency records, including pesticide registration data); Declaration of Meredith Laws at ¶ 8.

Further, Plaintiffs allege that determining whether they have a claim "requires review of the full administrative record." Pls.' Opp. at 17. That is incorrect. Although Plaintiffs object to EPA's inclusion of a declaration providing an illustrative example of a registration that would not qualify as a "new use," that declaration is also useful to show that simply reviewing pesticide product registration applications and labeling and EPA's notices of registration for these products would reveal whether a particular decision was not (or was) subject to the public notice provision.[1]

For these reasons and those provided in EPA's Motion, Claims 3 and 4 must be dismissed for failure to state a claim upon which relief can be granted.

## C. CLAIMS 5 AND 6 MUST BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) AND FOR LACK OF JURISDICTION.

In their Opposition, Plaintiffs assert that they are pleading two distinct claims for both ingredients: (1) a claim that EPA imposed some conditions on some registrations, but has unreasonably delayed cancelling these registrations for failure of the registrant to satisfy unspecified conditions; and (2) a claim that EPA arbitrarily and capriciously failed to impose conditions with limited time frames. Pls.' Opp. at 18.

### 1. Failure to Take Action Upon Expiration of Period for Satisfaction of Conditions.

Plaintiffs make a list of conditional registrations and then allege, without basis, that the time frame for satisfying one or more unspecified conditions must have passed without the conditions(s) being satisfied and that EPA must not have initiated the action required by 7 U.S.C. § 136d(e)(1).[2] That approach is not sufficient to provide EPA with notice of the claim(s)

---

[1] As stated in EPA's Motion, the Laws Declaration was not provided for the truth of the matter asserted or to establish facts related to the particular registrations. Rather it was provided to illustrate circumstances in which notice under 7 U.S.C. § 136a(c)(4) would not be required for a registration. EPA Mot. at 24 n.11.

[2] Plaintiffs claim that EPA argues that it has no "mandatory duty to act" under 7 U.S.C. § 136d(e)(1), Pls.' Opp. at 20. That is not even close to what EPA argued. EPA explained: "If Plaintiffs intend to allege that EPA had a mandatory duty to 'convert' conditional registrations to unconditional, those claims must also be dismissed under Fed. R. Civ. P.

against it or establish that there is a final agency action or lack thereof over which this Court has

subject-matter jurisdiction.

Essentially, Plaintiffs claim (though without sufficient specificity) that EPA has

unreasonably delayed or unlawfully withheld completion of a mandatory duty under

FIFRA, 5 U.S.C. § 706(1), Compl. ¶¶ 122, 126, because EPA has failed to issue a notice

(or notices) of intent to cancel conditional registration(s) when, "at the end of the period

provided for satisfaction of any condition imposed," the condition (or conditions) has not

been met. 7 U.S.C. § 136d(e)(1)(B). For this Court to assure itself of its jurisdiction, it

must be able to identify the condition at issue and the date for satisfaction that has

allegedly passed.

Any failure to act pursuant to 7 U.S.C. § 136d(e)(1) is a discrete act which

Plaintiffs must plead with specificity. See Norton v. S. Utah Wilderness Alliance, 542

U.S. 55, 64 (2004) (holding that "a claim under § 706(1) can proceed only where a

plaintiff asserts that an agency failed to take a discrete agency action that it is required to

take"). Because Plaintiffs have failed to specify each particular mandatory duty and

when it accrued, their unreasonable delay allegations in Claims 5 and 6 must be

dismissed.

> 2. Imposition of Reasonable Time Frame or Registering Uses with "Vague and Unenforceable Conditions".

As an initial matter, Plaintiffs misunderstand EPA's argument with regard to how the

statute of limitations potentially impacts their claims. Pls.' Mot. at 22-23. If the challenged

action is the imposition of a condition on the initial thiamethoxam or clothianidin registrations

---

12(b)(6), as there is no statutory requirement for conversion. FIFRA provides only that
EPA may conditionally register a pesticide 'for a period reasonably sufficient for the
generation and submission of required data.' . . . 7 U.S.C. § 136a(c)(7)(C)." EPA Mot.
at 27 n.13. Likewise, 7 U.S.C. § 136d(e)(1) requires EPA to issue a notice of intent to
cancel a registration issued under 7 U.S.C. § 136a(c)(7) if the applicant fails to initiate or
pursue fulfillment of conditions or if conditions are not met at the end of the period.
Thus, while there is a duty to act pursuant to 7 U.S.C. § 136d(e)(1) with respect to
registrations issued under 7 U.S.C. § 136a(c)(7)(C) with unfulfilled conditions, there is
no duty to "convert" "fulfilled" registrations as Plaintiffs suggest.

(2003 and 2006 respectively), for example, or any registration issued more than six years before the filing of the complaint, then an action under the APA or FIFRA alleging that the time frame or condition was insufficient would be time-barred. To the extent Claims 5 and 6 survive this Motion to Dismiss, EPA reserves the right to move for summary judgment on statute of limitations grounds.[3]

Here, Plaintiffs have demonstrated that they are capable of identifying both a specific registration and a condition that they believe does not comport with the requirements of 7 U.S.C. § 136a(c)(7)(C). Compl. ¶¶ 92-93. Plaintiffs should therefore be limited to the single properly pleaded action relating to the June 20, 2012 registration of the product CruiserMaxx Vibrance Cereals, because that allegation identifies the final agency action being challenged.

As explained above, supra Section II.B, the information necessary for Plaintiffs to plead in compliance with Rule 8(a)(2) is available to them. While the cited GAO Report suggests problems with EPA's oversight of conditional pesticide registrations,[4] it does not stand for the proposition that the information necessary for Plaintiffs to determine what valid claims they

---

[3] Therefore, to the extent Plaintiffs are challenging some aspect of the issuance of each registration tagged as conditional in the Appendices, any action relating to registration issued before March 21, 2007, must be dismissed for lack of jurisdiction because the challenged action occurred more than six years prior to the filing of the complaint. 28 U.S.C. § 2401(a) (general six-year statute of limitations); Wind River Mining Corp. v. United States, 946 F.2d 710, 713 (9th Cir. 1991) (holding that the general statute of limitations applies to APA actions). Twenty-three thiamethoxam and seven clothianidin registrations are identified in Appendix A to the Complaint with registration dates before March 20, 2007.

[4] While the Court might for other purposes take judicial notice of the GAO Report cited in Plaintiffs' Opposition at n.17, material outside the complaint cannot be used to defeat a motion for failure to state a claim. Plaintiffs may not now supplement their pleadings with material not included in the complaint or incorporated by reference. Cooper v. Pickett,
137 F.3d 616, 622 (9th Cir. 1997) ("In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.'") (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).

might have and thus potentially allow them to identify final agency actions to challenge is unavailable.[5]

Plaintiffs have failed to meet the pleading requirement of Rule 8(a)(2). For these reasons and those in EPA's Motion to Dismiss, Claims 5 and 6 must be dismissed.

### D. CLAIMS 7 AND 8 MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6).

In their Opposition, Plaintiffs explain that they are challenging registrations for the 14 listed clothianidin and seven thiamethoxam products listed in the Amended Complaint, Compl. ¶¶ 92-101, because EPA unconditionally registered those products, see 7 U.S.C. § 136a(c)(5), and Plaintiffs believe that "numerous outstanding conditions," including "the field test for pollinators, as well as other crucial field studies," exist that apparently should have prevented unconditional registration of each of these 21 products. Pls.' Opp. at 23. Plaintiffs allege that they have identified the specific conditions they believe should have been applied. Id. at 23-25. Plaintiffs assert that three of the 21 registrations that they point to were not originally unconditional registrations; rather, they were conditional registrations for which, upon satisfaction of the applicable conditions, EPA issued formal notice of the conversion of these

---

[5] The GAO Report recommended the following three actions: (1) Complete plans to automate data related to conditional registrations to more readily track the status of these registrations and related registrant and agency actions and identify potential problems requiring management attention; (2) Pending development of an automated data system for tracking the status of conditional registrations, develop guidance to ensure that product managers use a uniform methodology to track and document this information, including when data are submitted by registrants and reviewed by EPA, in the files maintained by each pesticide product manager; and (3) Review and correct, as appropriate, OPP's website on conditional registrations to ensure that the information presented is clear, concise, and accurate, including defining technical terms. General Accounting Office, *GAO-13-145, EPA Should Take Steps to Improve Its Oversight of Conditional Registrations*, 38-39 (Aug. 8, 2013) The GAO did not address the public availability of conditional registration information though it did note that "according to [EPA] officials, by the end of calendar year 2013, they plan to make public information from the review about the number of active ingredients approved under FIFRA section 3(c)(7)(C) for which data are overdue, and those for which data were submitted late." Id. at 28.

registrations from conditional to unconditional.  Pls.' Opp. at 24 and 24 n.19.  For those, it appears the challenged agency action is the notice determining that the registration conditions have been satisfied.

Plaintiffs allege that "the Complaint specifies numerous outstanding conditions."  Id. at 23 (referring to Compl., ¶¶ 90-101, 120-28, 134).  But in fact, Plaintiffs have merely presented a list of seemingly illustrative, not definitive or specific, conditions that could possibly have been imposed on these registrations apparently for no other reason than they understand that conditions were imposed in 2003 on the initial registration of thiamethoxam as a new active ingredient.  Pls.' Opp. at 24.  Without further explanation, Plaintiffs allege that EPA must, therefore, have violated FIFRA in registering the 21 identified products.  The allegations remain vague and conclusory – i.e., there are possible conditions that EPA could have imposed on the unconditional registrations because there still exist some conditional registrations in existence so EPA must have erred in not imposing at least some conditions upon each and every registration.  These allegations lack the specificity required by Rule 8(a)(2) and must be dismissed.

**E.  CLAIMS 13 AND 14 FAIL TO STATE A CLAIM FOR RELIEF AND ARE NOT WITHIN THE COURT'S JURISDICTION.**

Plaintiffs' defense of their ESA claims presents an expansive argument that sweeps well past the specific flaws EPA identified.  Much of this argument relies on substantial extra-record evidence that may not be considered in deciding EPA's facial attack on the sufficiency of the allegations in the Complaint.  In any event, Plaintiffs' argument does not refute the core problems identified in EPA's opening brief.  Accordingly, the Court should instead limit Plaintiffs' ESA challenges to those agency actions specifically identified in the Complaint and supported by adequate jurisdictional allegations.  The operative Complaint fails this simple test because Plaintiffs' claims are open-ended challenges to anything EPA might have done or will do regarding thiamethoxam or clothianidin.  This approach, however, runs afoul of applicable law and, as such, those claims must be dismissed from this case.

1.    *Plaintiffs' Notice of ESA Claims Is Deficient and Deprives the Court of Jurisdiction Over Several ESA Claims.*

        a.    <u>Several Plaintiffs Failed to Provide the Statutorily Required Notice to Bring Any ESA Claims</u>.

Dismissal of Claims 13 and 14 for lack of jurisdiction is compelled by the plain language of the Endangered Species Act ("ESA") notice provision, 16 U.S.C. § 1540(g), authorizing a party to "commence a civil suit on his own behalf" only after providing the requisite notice. EPA Mot. 19. While Plaintiffs attempt to justify the fact that three of the named Plaintiffs failed to provide the requisite notice, their arguments are unavailing, and to the extent that those Plaintiffs seek to bring ESA claims, those claims must be dismissed.

Plaintiffs point to paragraph 89 of their Complaint as proof that not all of the Plaintiffs have subscribed to the ESA claims. But nothing in this paragraph supports their point. Moreover, in paragraph 1 of the Complaint, Plaintiffs Jim Doan, Bill Rhodes, and the Center for Environmental Health, along with the other Plaintiffs, allege that EPA violated the ESA, contradicting Plaintiffs' argument now.

The only remedy for Plaintiffs' pleading and jurisdictional failure is to dismiss Claims 13 and 14 in their entirety for lack of jurisdiction because "[n]o action may be commenced … prior to sixty days after written notice has been given." 16 U.S.C. § 1540(g)(2)(C). A court may not use a "flexible or pragmatic" construction of the citizen-suit provision, such as limiting the ESA claims to a subset of Plaintiffs, to cure or waive notice defects. <u>See</u>, <u>e.g.</u>, <u>Hallstrom v. Tillamook Cnty.</u>, 493 U.S. 20, 26 (1989) (rejecting proposal that Court stay pending case until notice period elapsed).

Plaintiffs also get their facts wrong in attempting to distinguish <u>Washington Trout</u> as a case involving notice by one entity and a suit by entirely different parties. Pls.' Opp. at 34. In that case the plaintiffs' lawyer provided pre-suit notice of the Clean Water Act claims on behalf of a trade union "among perhaps others," and later filed suit naming the same union and two additional parties as plaintiffs. <u>Wash. Trout v. McCain Foods</u>, 45 F.3d 1351, 1352 (9th Cir. 1995). The Court of Appeals dismissed the case for lack of

jurisdiction because the notice "did not provide the names of the two *additional* plaintiffs," focusing exclusively on the sufficiency of the notice, with no weight given to the fact that the one party providing notice had been dismissed from the case. <u>Id</u>. at 1354 (emphasis added).

In any event, Plaintiffs' attempted distinction fails to address the plain language of the ESA notice provision, 16 U.S.C. § 1540(g), authorizing a civil action by any person only "on his own behalf." This statutory restriction precludes Plaintiffs' argument that the notice requirement is satisfied where some, but not all, of the plaintiffs give notice. <u>See also</u> <u>Wash. Trout</u>, 45 F.3d at 1354-55. As <u>Washington Trout</u> and the Ninth Circuit's subsequent decision in <u>Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation</u>, 143 F.3d 515, 520 (9th Cir.1998), make clear, Plaintiffs must strictly comply with all jurisdictional prerequisites before bringing an ESA citizen suit, and failure to do so is a bar to the suit.

   b.   <u>Plaintiffs Have Failed to Provide the Statutorily Required Notice to Bring Any ESA Section 9 Claims</u>.

Plaintiffs' opposition also fails to respond to the argument that Plaintiffs did not provide the required pre-suit notice of their claim that EPA violated section 9 of the ESA, 16 U.S.C. § 1538, allowing clothianidin and thiamethoxam products to "take" federally listed species. <u>See</u> EPA Mot. at 31. Plaintiffs admit that their ESA notice letter notified EPA only "of its ESA section 7 violations." <u>Id.</u> at 30-31. Plaintiffs also concede that their Claims 13 and 14 challenge only "EPA's failure to consult under the ESA section 7." <u>Id.</u> at 25. These concessions can mean only that Plaintiffs disavow any claim that EPA has violated ESA section 9. In any event, Plaintiffs' failure to provide notice of any claimed violation of ESA section 9 compels dismissal of those allegations for lack of jurisdiction. Accordingly, should the Court decline to dismiss the ESA claims in their entirety, the ESA section 9 allegations in paragraphs 51, 162, 167, and 173 should nonetheless still be stricken for lack of jurisdiction.

   c.   <u>Plaintiffs' ESA Notice Fails to Provide The Requisite Specificity of The Allegedly Unlawful Actions</u>.

Plaintiffs' third failure to comply with the ESA notice requirement compels the dismissal of their claims alleging that EPA violated the ESA in registering 17 pesticide products, as well as in alleging ESA violations in connection with EPA's future registration or label approval decisions for unspecified clothianidin and thiamethoxam products, none of which were listed or otherwise identified in their notice letter. Compare Ex. E, Ex. K to EPA's Mot. (list of products with no notice) and Compl. ¶¶ 100-01, 159, 164. Elsewhere in their brief, Plaintiffs argue that their Complaint adequately identifies the requisite "discrete, affirmative FIFRA actions as the trigger to EPA consultation duties." Pls.' Opp. at 29. This assertion is based on the proposition that ESA section 7(a)(2) mandates that EPA consult before taking discrete, affirmative agency action. Id. at 6-7. Likewise then, Plaintiffs' notice letter must also identify each EPA registration decision because the EPA registrations and ESA violations are essentially synonymous. A notice letter that does not identify the agency action or actions that are claimed to be wrongful is not sufficiently specific. To permit a party to challenge an agency action it has not first adequately identified in a notice letter ignores the statutory requirement that the plaintiffs provide "written notice of the violation." 16 U.S.C. § 1540(g)(2)(A)(i).

As explained in EPA's opening brief, notice letters cannot be used to support later-filed ESA claims that were not mentioned in the letter. EPA Mot. at 20, 31-32 (collecting cases). Plaintiffs have not distinguished their situation in any way from the on-point decisions cited in EPA's opening brief rejecting similar attempts to evade the requirement that a notice letter identify each alleged violation.[6]

---

[6] The caselaw Plaintiffs offer as holding that no notice is required for each violation is unpersuasive. Three of those cases address citizen suits against private parties for private conduct where the nature of the violation at issue differed from the straightforward question of whether the pre-suit notice identified the challenged agency action. Pls. Opp. 32-33. In contrast to the Clean Water Act regulations at issue in those cases, the ESA itself requires "written notice of the violation." 16 U.S.C. § 1540(g)(2)(a)(i). Plaintiffs cite only one case involving an ESA claim against a federal agency, Marbled Murrelet v. Babbitt, 83 F.3d 1068, 1073 (9th Cir. 1996). However, there was no question in that case

13

Due to these three overlapping failures, Plaintiffs may not bring an ESA citizen suit for the ESA violations alleged in their 13th and 14th claims for relief. At the very least, the Court lacks jurisdiction over Plaintiffs' claims alleging violations of ESA section 9 and for the 17 pesticide registrations and additional, future EPA actions not described in their notice letter.

2. *The Amended Complaint's ESA Claims Lack the Factual Allegations Necessary to State a Claim or Establish Jurisdiction.*

a. The Allegations of Take In Violation of ESA Section 9 Should Be Dismissed for Failing to State a Claim.

Plaintiffs do not address EPA's argument that they have failed to adequately allege any violation of ESA section 9, 16 U.S.C. § 1538. This failure, coupled with Plaintiffs' characterization of their 13th and 14th claims for relief as challenging only "EPA's failure to consult under the ESA section 7," essentially concedes that there are no claims for violation of ESA section 9 before this Court. Pls.' Opp. at 25, 30-31. The Court should dismiss the allegations in paragraphs 51, 162, 167, and 173 claiming violations of ESA section 9.

It is incontrovertible, in any event, that Plaintiffs' allegations of "take" are no more than legal conclusions, bereft of sufficient facts alleged under a cognizable legal theory. Mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir.1988). Here, the Complaint lacks allegations providing underlying facts that would enable EPA to defend against blanket, nation-wide take claims. Plaintiffs concede that that the ESA-listed species identified in the Complaint are only "potentially directly affected by clothianidin and thiamethoxam products." Pls.' Opp. at 26; see, e.g., Compl. ¶ 73. Moreover, the absence of factual

---

about the adequacy of the notice because there was only one alleged federal agency action at issue. Id., 83 F.3d at 1071-74.

allegations wholly undermines the plausibility of Plaintiffs' theory insofar as it presumes "take" has and will occur simply because of the alleged toxicity of these two active pesticide ingredients and without regard to the specifics of any pesticide application or listed species.

Plaintiffs may not defeat EPA's facial attack on an inadequate pleading by proffering extra-record evidence because the court's inquiry in a facial attack is ordinarily limited to the allegations in the Complaint. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); United States v. Corinthian Colls., 655 F.3d 984, 998–99 (9th Cir. 2011). Hence, the Court should not consider Plaintiffs' Exhibits A through D in determining the adequacy of their Complaint.[7]

Likewise, Plaintiffs argue that their pleading need not identify any place or incident where the use of any pesticide product has taken, or will take, protected species. Pls.' Opp. at 27. However, no take claim is cognizable under the ESA unless Plaintiffs allege facts that a particular listed species occupies lands where a particular pesticide product is applied and a take is alleged to result. See, e.g., Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv., 273 F.3d 1229, 1244 -45 (9th Cir. 2001) ("We agree with the district court's ruling that the Fish and Wildlife Service failed to establish an incidental taking because it did not have evidence that the razorback sucker even exists anywhere in the area."). Moreover, a section 9 claim cannot be premised on conjecture about the potential effects of pesticide application generally because the validity of a section 9 claim turns on whether there was "an act which actually kills or injures wildlife," or a

_____

[7] Defendants object to judicial notice of Plaintiffs' Exhibits A through D and their other declarations, or to consideration of any of those documents to augment Plaintiffs' pleadings. These exhibits are not part of the Complaint nor incorporated or mentioned therein. Moreover, it would be inappropriate to take judicial notice of Plaintiffs' assertions insofar as they are contested questions subject to reasonable dispute, as well as issues that go to the merits of Plaintiffs' claims that are to be determined based on judicial review of a complete administrative record. Moreover, Plaintiffs offer their exhibits for the truth of their contents. This is not a permissible use of a judicially noticed document. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

reasonable certainty of a future act and resulting mortality or harm. <u>Defenders of Wildlife v. Bernal</u>, 204 F.3d 920, 925 (9th Cir. 2000); <u>Marbled Murrelet</u>, 83 F.3d at 1066; <u>Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.</u>, 515 U.S. 687, 696 n.9, 702-3 (1995). It is inadequate to conclusorily allege, as Plaintiffs have done, that EPA's approvals of various pesticide products take ESA-listed species, without providing any factual allegations of any particular instance of a past or imminent take of any particular listed species in any particular place by any particular product.

      b.    <u>Plaintiffs Have Not Adequately Alleged Their Standing to Challenge the ESA Compliance for Each and Every One of the 103 Alleged EPA Registrations Listed in the Complaint</u>.

Plaintiffs argue that they have adequately pled violations of ESA section 7 arising from EPA's approval of 103 registrations of various thiamethoxam and clothianidin products and their respective labels. Pls.' Opp. at 29-30 (citing Compl. ¶¶ 159, 164, apps. A-B). EPA's opening brief demonstrated that Plaintiffs had nonetheless failed to properly allege their standing to pursue each of these claims. EPA Mot. at 32-33, citing <i>inter alia</i>, <u>Ctr. for Biological Diversity v. EPA</u>, No. 11-0293, 2013 WL 1729573, at *12-13 (N.D. Cal. Apr. 22, 2013). In response, Plaintiffs have offered a lengthy argument that, nonetheless, fails to respond to Defendants' primary criticism that, with respect to each affirmative action that allegedly triggers the duty to consult, Plaintiffs must also separately allege facts establishing standing for each claimed violation.

As a threshold matter, Plaintiffs' response is premised on the incorrect proposition that their standing burden is lessened because they assert a procedural injury from EPA's alleged failures to consult under the ESA. This is not a procedural rights case where Plaintiffs allege that EPA deprived them of a procedural right owed to them under the ESA. A procedural right arises where a "<i>person . . . has been accorded a procedural right to protect his concrete interests</i>" such as a hearing before, or ability to comment on, government action. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 572, 573 n.7 (1992) (emphasis added); <u>see also</u> <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 496-97

(2009). Section 7 of the ESA, however, does not provide procedural rights to citizens. See Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 660 n.6 (2007). Moreover, in Wilderness Society v. Rey, the Ninth Circuit explained that in Summers "the [Supreme] Court said that procedural injury, standing on its own, cannot serve as an injury in fact." Wilderness Soc'y v. Rey, 622 F.3d 1251, 1260 (9th Cir. 2010); Summers, 555 U.S. at 496-97. Thus, to the extent Plaintiffs assert that they need allege and prove only a procedural injury,[8] they are incorrect. EPA's alleged failure to adhere to the procedures required by the ESA cannot serve as an injury-in-fact, regardless of whether Plaintiffs have rights in such procedures.

Even assuming that Plaintiffs are correct about their pleading burden, which they are not, they have nonetheless not met even the lower standard they espouse for alleging a concrete and imminent injury, enunciated in Citizens for Better Forestry, that "environmental plaintiffs must allege that they *will suffer harm* by virtue of their geographic proximity to and *use of areas that will be affected* by the" challenged agency activity. 341 F.3d at 971 (emphasis added). In this case, Plaintiffs have pled 103 separate violations of ESA section 7 alleged to arise from EPA's approval of 103 registrations of various thiamethoxam and clothianidin products and their respective labels. Compl. ¶¶ 159, 164, Apps A-B. Plaintiffs also seek injunctive relief and other remedies against each of these 103 product registration decisions. Compl. ¶ 172-74.

"A plaintiff must demonstrate standing 'for each claim he seeks to press' and for 'each form of relief sought.'" Or. v. Legal Servs. Corp., 552 F.3d 965, 969 (9th Cir. 2009) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)); Lewis v. Casey, 518 U.S. 343, 358, n. 6 (1996) ("[S]tanding is not dispensed in gross."). Plaintiffs have failed to allege their standing for each of these 103 alleged instances of unlawful

---

[8] See, e.g., Plaintiffs' Opposition to Defendant-Intervenors' Motion to Dismiss (Dkt. No. 84) at 15 & 19, citing, *inter alia*, Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961, 971 (9th Cir. 2003), and Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008).

conduct. This is the same pleading shortcoming identified in <u>Ctr. for Biological Diversity</u>, 2013 WL 1729573, at *12-13; <u>Chapman v. Pier 1 Imps. (U.S.)</u>, 631 F.3d 939, 955 (9th Cir. 2011) ("wholesale audit" of claimed deficiencies held insufficient to support standing where pleading failed to connect specific violations to plaintiff's access).

Plaintiffs' standing allegations are inadequate because they fail to articulate any plausible connection between the alleged injury and any of EPA's 103 alleged registrations. Plaintiffs assert, without support, that such factual specificity is unnecessary because EPA has approved pesticide uses nation-wide. Pls' Opp. 27. But that assertion glosses over the geographic limitations inherent in each registration. For example, it is purely speculative that EPA approval of either ingredient for various indoor uses, such as eradicating bedbugs, or for application to commercial buildings plausibly harms Plaintiffs' claimed interests nation-wide. Compl. App. A (Dkt. No. 17-1) at 6; App. B (Dkt. No. 17-2) at 2, 6, 9. Likewise, approval of thiamethoxam for use on rice or peanuts is necessarily limited to the select areas each of those crops is grown, and does not plausibly threaten harm to any species on a nation-wide basis. Dkt. No. 17-2 at 12-13. EPA's registrations for particular uses limits the potential use of each of the challenged products to specific areas and items, negating Plaintiffs' argument that application of the products to corn adequately demonstrates the imminent harm to Plaintiffs from all 103 registrations.

The Supreme Court has repeatedly rejected Plaintiffs' theory that a party may allege standing and harm from a federal agency's actions in the aggregate. <u>Summers</u>, 555 U.S. at 495-500. At a minimum, Plaintiffs must allege that each of the agency's alleged failures to follow the law threatens to cause a "certainly impending" injury-in-fact to their asserted interests because non-specific "allegations of <u>possible</u> future injury" based only on likelihoods or probabilities are insufficient. <u>See</u> <u>Clapper v. Amnesty Int'l USA</u>, 133 S. Ct. 1138, 1147 (2013); <u>Defenders of Wildlife</u>, 504 U.S. at 565-67, 573-74. The Court should dismiss all the 103 ESA claims because Plaintiffs have not adequately alleged

how each, or any, of these registrations causes, or will cause, the requisite injury to their interests.

Plaintiffs incorrectly argue that the allegations in the current Complaint suffice because their general allegations of indiscriminate harm should be "presumed to encompass any further needed specific facts." Pls.' Opp. to Defendant-Intervenor's Motion to Dismiss at 18, citing Defenders of Wildlife, 504 U.S. at 561. The Plaintiffs' failure here is unlike the situation in Defenders of Wildlife because that case involved a challenge to the agency's promulgation of a single rule, while the deficiency here arises from Plaintiffs' refusal to allege an injury and causal link between any one of over 100 alleged FIFRA registrations and any specific injury to any plaintiffs' interests. It would be improper to presume such injuries and causation where Plaintiffs' burden is to "allege specific, concrete facts demonstrating that the challenged practices harm him." Warth v. Seldin, 422 U.S. 490, 508 (1975); see also Fisher v. Tucson Sch. Dist. No. 1, 625 F.2d 834, 837 (9th Cir. 1980) ("grounds to establish standing will not be presumed").

Nor may Plaintiffs rely on the presumption that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Dkt. No. 84 at 18. Contrary to Plaintiffs' assertion, "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990). A contention essentially the same as Plaintiffs' position here was correctly rejected in Center for Biological Diversity, 2013 WL 1729573, at *13. As in that case, the Court here is "not required to fill in critical lacunae in plaintiffs' allegations." Nat'l Wrestling Coaches Ass'n v. U.S. Dep't of Educ., 263 F. Supp. 2d 82, 108 (D.D.C. 2003), aff'd 366 F.3d 930 (D.C. Cir. 2004). Plaintiffs' standing allegations are plagued with many such "lacunae," such as whether each of the 103 pesticide registrations they seek to challenge is fairly traceable to an actual or threatened injury to any particular ESA-listed species of demonstrable interest to Plaintiffs. See, e.g., Wash Toxics Coal. v. EPA, Case No. 01-132C, 2002 WL 34213031,

at \*7-\*8 (W.D. Wash. July 2, 2002).  In other words, Plaintiffs' standing theory improperly relies on presumptions, rather than factual allegations, that all of the pesticide products whose registrations they challenge are being used by third parties to injure the listed species identified in the Complaint and other unspecified listed species as well.[9]

As a final point, the Court should not consider Plaintiffs' proffer of standing declarations in lieu of, or to augment, the allegations in the Complaint, but should consider "those declarations only with respect to whether leave to amend should be granted."  In re Apple iPhone Antitrust Litig., No. 11-CV-6714, 2013 WL 4425720 at \*7, n.6 (N.D. Cal. Aug. 15, 2013).  As explained supra, in a facial attack on a pleading's sufficiency, the Court should limit its review to the allegations in the Complaint.

## III.    CONCLUSION

For the foregoing reasons, EPA's Motion to Dismiss should be granted.  The Complaint should be dismissed in its entirety, except for Claim 9.

Respectfully submitted,

Date: December 10, 2013

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/
LESLIE M. HILL (D.C. Bar No. 476008)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section

---

[9] Moreover, the Supreme Court has abrogated the relaxed pleading standard from Conley on which this recital from National Wildlife Federation is based.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63 (2007) (quoting Conley, 355 U.S. at 45–46).  As the pleading standards under Rule 8 are applied here, if Plaintiffs desire to allege ESA violations in 103 different agency actions, they must also "demonstrate standing separately for each section 7(a)(2) claim."  Ctr. for Biological Diversity, 2013 WL 1729573, at \*13 (citation omitted).

601 D Street N.W., Suite 8000
Washington D.C.  20004
Leslie.Hill@usdoj.gov
Telephone (202) 514-0375
Facsimile (202) 514 8865


_____ /s/

JOHN H. MARTIN (CO Bar No. 32667)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone (303) 844-1383
john.h.martin@usdoj.gov

*Attorneys for Defendant*