IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ELLIS, et al., | No. C-13-1266 MMC |
| Plaintiffs, | |
| v. | **ORDER DENYING EPA'S MOTION TO LIMIT REVIEW TO ADMINISTRATIVE RECORD; DENYING INTERVENORS' MOTION TO PRECLUDE EXTRA-RECORD MATERIAL; GRANTING EPA'S REQUEST FOR EXPERT DISCOVERY** |
| JACK HOUSENGER, et al., | |
| Defendants, and | |
| BAYER CROPSCIENCE LP, et al. | |
| Defendants-Intervenors. | |

Before the Court are two motions: (1) "EPA's Motion to Limit Review to EPA's Administrative Record and Preclude Submission of Expert Declarations and Extra-Record Material," filed April 3, 2015, on behalf of defendants Jack Housenger and Gina McCarthy (collectively, "EPA"); and (2) "Motion to Preclude Plaintiffs' Extra-Record Materials by Defendant-Intervenors," filed April 3, 2015, on behalf of defendant-intervenors Bayer CropScience LP, Syngenta Crop Protection, LLC, Valent U.S.A. Corporation, and CropLife America (collectively, "Intervenors"). Plaintiffs have filed a single opposition addressing both motions; the EPA and Intervenors have filed separate replies. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules

as follows.[1]

**BACKGROUND**

By the instant action, plaintiffs, consisting of four individuals who are beekeepers and four public interest groups, challenge "the actions of [the EPA] to allow the ongoing use of pesticide products containing the active ingredients clothianidin and thiamethoxam." (See Second Amended Complaint ("SAC") ¶ 1.) Plaintiffs allege the subject pesticides "have been shown to adversely impact the survival, growth, and health of honey bees and other pollinators vital to U.S. agriculture" and have "harmful effects on other animals, including threatened and endangered species." (See SAC ¶ 2.)

In two of the SAC's six causes of action, the Fifth and Sixth Claims, respectively, plaintiffs allege that the EPA approved twenty-eight products containing clothianidin and forty-three products containing thiamethoxam, in violation of the Endangered Species Act ("ESA").[2] Specifically, plaintiffs allege that the EPA, prior to said approvals, "failed to consult with the FWS [Fish and Wildlife Service]." (See SAC ¶ 73.)

**DISCUSSION**

By order filed January 26, 2015, the Court approved the parties' stipulation as to a revised briefing schedule, by which plaintiffs agreed to disclose, no later than March 4, 2015, "the identity of any expert witness" as well as "any documents [p]laintiffs intend to use to support summary judgment, including any request to submit any non-Administrative Record material." (See Order, filed January 26, 2015, at 5:15-18.) In accordance therewith, plaintiffs, on March 4, 2015, identified three expert witnesses, each of whom, plaintiff stated, is expected to opine on the "potential effects from clothianidin and thiamethoxam pesticide products" on endangered species (see Tomaselli Decl., filed April 17, 2015, Ex. B ¶¶ IA-IC); additionally, plaintiffs disclosed twenty documents plaintiffs

---

[1] By order filed May 20, 2015, the Court took the matters under submission.

[2] The First through Fourth Claims, which are not the subject of the instant motions, allege violations of the Federal Insecticide, Fungicide and Rodenticide Act.

stated they intended to offer in support of the Fifth and Sixth Claims (see id. ¶ II).[3]

In their respective motions, the EPA and Intervenors, citing the Administrative Procedures Act ("APA"), argue that the Court's review as to the Fifth and Sixth Claims is limited to the administrative record, and, consequently, plaintiffs should be precluded from offering the proposed extra-record evidence identified in plaintiffs' notice. In the alternative, the EPA requests it be allowed to conduct expert discovery.

**A. Scope of Review**

The Fifth and Sixth Claims, as noted, allege the EPA violated the ESA. Specifically, plaintiffs allege the EPA violated section 7 of the ESA, 16 U.S.C. § 1536.

Section 1536 provides that all federal agencies "shall, in consultation with and with the assistance of [the FWS or the National Marine Fisheries Service ("NMFS"], insure that any . . . agency action . . . is not likely to jeopardize the continued existence of any endangered species or threatened species." See 16 U.S.C. § 1536(a)(2).[4] The duty to consult arises if the proposed agency action "may affect" an endangered species. See Karuk Tribe v. United States Forest Service, 681 F.3d 1006, 1020 (9th Cir. 2012). Here, plaintiffs allege that "[m]ore than fifteen threatened or endangered species, including, but not limited to, plant pollinators, ranging from beetles to butterflies to grasshoppers and other taxa, are potentially directly affected by the use of clothianidin and thiamethoxam products" (see SAC ¶ 74), and that the EPA "failed to consult with [the] FWS as required under the ESA" (see SAC ¶ 73).

//

---

[3]In said notice, plaintiffs also "reserve[d] the right to put forth additional documents in support of [p]laintiffs' Motion for Summary Judgment on Claims 5 and 6." (See id.) In their opposition to the instant motions, plaintiffs clarify that the reservation was meant solely to "preserve the opportunity to respond to any extra-record evidence that either [the] EPA or Intervenors might produce." (See Pls.' Opp. at 22:22 - 23:2.) As neither the EPA nor Intervenors have indicated an intent to offer extra-record evidence, the Court does not further address herein plaintiffs' reservation.

[4]The FWS is responsible for the administration and enforcement of the ESA "with respect to terrestrial and freshwater species," while the NMFS has that responsibility "with respect to marine species." See National Wildlife Federation v. FEMA, 345 F. Supp. 2d 1151, 1167 (W.D. Wash. 2004).

As noted, the EPA and Intervenors argue review of plaintiffs' ESA claims is governed by the APA. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." See 5 U.S.C. § 702. In considering a claim brought under the APA, the district court "review[s] the whole record or those parts of it cited by a party." See 5 U.S.C. § 706. In other words, the court reviews "the administrative record already in existence." See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-43 (1985) (internal quotation and citation omitted).[5]

In response, plaintiffs argue that a claim alleging an agency violated the ESA by failing to consult with the FWS or the NMFS is not a claim brought under the APA, but, rather, is a claim brought under the ESA. Specifically, plaintiffs argue that the ESA claims alleged here are properly brought under 16 U.S.C. § 1540(g) of the ESA, which provides that "any person may commence a civil suit . . . to enjoin any person, including the United States . . . , who is alleged to be in violation of any provision of [the ESA]." See 16 U.S.C. § 1540(g)(1).

The Supreme Court has held that a claim alleging a violation of the ESA may be brought under § 1540(g) of the ESA or under § 706 of the APA, depending on the type of violation alleged. See Bennett v. Spear, 520 U.S. 154, 171-79 (1997) (considering whether claims alleging violations of ESA reviewable under § 1540(g) or § 706; holding, in light of nature of alleged violations, one claim reviewable under § 1540(g) and remaining claims reviewable under § 706). Although the Supreme Court has not addressed the issue of

---

[5]This general rule is subject to four "narrow exceptions." See Lands Council v. Powell, 395 F.3d 1019, 1029-30 (9th Cir. 2005). District courts may admit extra-record evidence "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." See id. at 1030 (internal quotation and citation omitted). The EPA and Intervenors contend plaintiffs cannot show any such exception applies to plaintiffs' proposed extra-record evidence. (See EPA's Mot. at 9:11-12:7; Intervenors' Mot. at 12:13-14:1.) In light of the Court's finding, discussed below, that the scope of the record applicable to plaintiffs' ESA claims is not limited by the APA, the Court does not consider herein plaintiffs ability to establish one or more of the above-referenced exceptions.

4

1  whether a claim based on an alleged failure to consult is properly reviewed under the ESA
2  rather than the APA, the Ninth Circuit, as set forth below, has twice done so and, in each
3  instance, has held review is proper under the ESA, and, further, that a district court is not
4  limited to the administrative record in determining whether the subject agency action may
5  affect endangered species.

6  First, in Washington Toxics Coalition v. EPA, 413 F.3d 1024 (9th Cir. 2005), the
7  Ninth Circuit found that "the APA does not govern" a claim alleging the EPA violated the
8  ESA "by failing to consult with the [NMFS] before approving [certain] pesticides," and,
9  further, affirmed the district court's finding that it was not limited to the administrative record
10 in determining "the effects of the use of the challenged pesticides." See id. at 1028-29,
11 1034.  Second, in Western Watersheds Project v. Kraayenbrink, 632 F.3d 472 (9th Cir.
12 2010), the Ninth Circuit found "the APA [did] not apply" to a claim alleging the Bureau of
13 Land Management violated the ESA by "fail[ing] to consult with the [FWS]" prior to
14 promulgating certain regulations, and, consequently, affirmed the district court's finding
15 admitting "extra-record material" offered to show the amendments "may affect" endangered
16 species.  See id. at 475-76, 497; see also Conservation Congress v. Finley, 2012 WL
17 1564946, at *4-5 (N.D. Cal. May 2, 2012) (relying on "unambiguous holding in Washington
18 Toxics" and "unequivocal[ ]" statement in Kraayenbrink; holding plaintiff alleging claim for
19 failure to consult entitled to conduct discovery, as evidence outside administrative record
20 could be offered to establish claim).

21 The EPA and Intervenors argue that Washington Toxics and Kraayenbrink are no
22 longer good authority in light of Karuk Tribe, a more recent, en banc decision, in which the
23 Ninth Circuit considered a claim alleging failure to consult in violation of the ESA.  As
24 discussed below, the Court disagrees.[6]

---

[6]The Court also finds unpersuasive an alternative argument by the EPA that Washington Toxics and Kraayenbrink should be interpreted as holding the extra-record evidence there at issue was properly admitted under an exception recognized under the APA, given that both decisions, as noted, expressly found the ESA claims at issue were not governed by the APA.

In support of their argument, the EPA and Intervenors first point to the following statement in Karuk Tribe: "Because this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." See Karuk Tribe, 681 F.3d at 1017.  The Court does not interpret such statement as overruling Washington Toxics and Kraayenbrink, as Karuk Tribe does not address in any manner the issue of whether evidence outside the administrative record can be considered.  See Northwest Coalition for Alternatives to Pesticides v. EPA., 920 F. Supp. 2d 1168, 1174 (W.D. Wash. 2013) (holding Karuk Tribe "cannot reasonably be read to implicitly or silently overrule" holdings allowing extra-record evidence in "failure to act" claims under ESA, given Karuk Tribe includes "no discussion of or citation to Washington Toxics or Kraayenbrink").

The EPA and Intervenors also rely on the Court of Appeal's statement in Karuk Tribe that "[a]n agency's compliance with the ESA is reviewed under the [APA]."  See Karuk Tribe, 681 F.3d at 1017.  At that point in its discussion, however, the Ninth Circuit was referring to the applicable standard of review, not the scope of review.  As the Ninth Circuit explained in an earlier case: "As the ESA does not itself specify a standard of review of its implementation, we apply the general standard of review of agency action established by the [APA]."  See Oregon Natural Resources Council v. Allen, 476 F.3d 1031, 1036 (9th Cir. 2007) (applying "arbitrary and capricious standard found in the APA").[7] Thus, where a claim alleges a failure to consult, in violation of the ESA, "the APA's 'arbitrary and capricious' standard applies," see Kraayenbrink, 632 F.3d at 481, but the court, in applying that standard, is not limited to a review of the administrative record, as the claim is not governed by the APA, see id. at 497-98 (affirming district court's decision, based on both administrative record and "extra-record material" submitted by plaintiffs, that agency's decision not to consult with FWS prior to approving certain regulations was

---

[7]Under the APA, a reviewing court must "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  See 5 U.S.C. § 706.

"arbitrary and capricious in violation of the [agency's] obligations under the ESA").  In sum, where a claim is brought under § 1540, the district court "borrow[s] . . . the standard [of review] from the APA," but does "not similarly borrow[ ] the APA's scope of review."  See Western Watersheds Project v. FWS, 2013 WL 3270363, at *4 (D. Id. June 26, 2013) (emphasis in original).

Accordingly, to the extent the EPA and Intervenors seek to limit the scope of review to the administrative record, the motions will be denied.[8]

**B. Request to Conduct Expert Discovery**

In its motion, the EPA requests that, in the event the Court finds the Fifth and Sixth Claims are not governed by the APA, it be allowed to conduct expert discovery in light of plaintiffs' expert disclosures.  In its opposition, plaintiffs agree such expert discovery is proper.  (See Pls.' Opp. at 22:17-19).

Accordingly, to the extent the EPA's motion seeks an order allowing expert discovery, the motion will be granted.[9]

//
//
//
//
//
//
//
//

---

[8] Such finding is without prejudice to any party's objecting to extra-record evidence on a ground other than an assertion that the review of the Fifth and Sixth Claims is governed by the APA.

[9] Under the Court's scheduling order, the deadline for plaintiffs to file a motion for summary judgment on the issue of liability is twenty-eight days after the Court rules on the instant motions to strike, and any cross-motion and opposition must be filed forty-five days thereafter.  (See Order, filed January 26, 2015, at 6:1-7.)  The parties may wish to meet and confer to determine whether those deadlines need to be revised in light of the Court's rulings herein.

7

**CONCLUSION**

For the reasons stated above:

1. The EPA's motion to limit review to the administrative record and Intervenors' motion to preclude extra-record materials are hereby DENIED.

2. The EPA's request to be allowed to conduct expert discovery is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  June 12, 2015

MAXINE M. CHESNEY
United States District Judge