United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVE ELLIS,  et al.,

      Plaintiffs,

  v.

JACK HOUSENGER, et al.,

     Defendants,

         and

BAYER CROPSCIENCE LP, et al.

     Defendants-Intervenors.

_____/

No. C-13-1266 MMC

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT-INTERVENORS' MOTION TO EXCLUDE PLAINTIFFS' PROFFERED EXPERT TESTIMONY**

Before the Court is the "Motion to Exclude Plaintiffs' Proffered Expert Testimony," filed January 29, 2016, by defendant-intervenors Bayer CropScience LP, Syngenta Crop Protection, LLC, Valent U.S.A. Corporation, and CropLife America (collectively, "Intervenors").  Defendants Jack Housenger and Gina McCarthy (collectively, "EPA") have filed a Joinder.  Plaintiffs Steve Ellis, Tom Theobald, Jim Doan, Bill Rhodes, Center for Food Safety, Beyond Pesticides, Sierra Club, and Center for Environmental Health have filed opposition, to which Intervenors have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

_____

[1]By order filed March 8, 2016, the Court took the matter under submission.

1        In the operative complaint, plaintiffs allege that the EPA, in violation of the

2   Endangered Species Act, failed to consult with the Fish and Wildlife Service ("FWS") prior

3   to approving the use of certain products containing clothianidin and thiamethoxam.  By the

4   instant motion, Intervenors seek an order precluding plaintiffs from offering expert

5   testimony to support a motion for summary judgment that plaintiffs intend to file on the

6   issue of liability.[2]  Specifically, citing Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993),

7   Intervenors argue the opinions of the experts are not relevant.[3]

8        In Daubert, the Supreme Court held that a district court has "the task of ensuring that

9   an expert's testimony both rests on a reliable foundation and is relevant to the task at

10  hand."  See Daubert, 509 U.S. at 597.  "Relevancy," for purposes of Daubert, "depends on

11  the particular law at issue."  See Messick v. Novartis Pharm. Corp., 747 F.3d 1193, 1196-

12  97 (9th Cir. 2014) (noting "expert testimony is relevant if the knowledge underlying it has a

13  valid connection to the pertinent inquiry") (internal quotation and citation omitted).

14       Here, under the "particular law at issue," see id., a federal agency must consult with

15  the FWS if its proposed action "may affect" an endangered or threatened species or critical

16  habitat, see Karuk Tribe v. United States Forest Service, 681 F.3d 1006, 1027 (9th Cir.

17  2012), and "may avoid the consultation requirement only if it determines that its action will

18  have 'no effect' on a listed species or critical habitat," see id.  In reviewing a challenge to

19  an agency's determination not to consult, a district court applies the "arbitrary and

20  capricious" standard set forth in the Administrative Procedures Act.  See Western

21  Watersheds Project v. Kraayenbrink, 632 F.3d 472, 481 (9th Cir. 2010).  "To have not acted

22  in an arbitrary and capricious manner, the agency must present a rational connection

23  

_____

24       [2]Prior to Intervenor's filing of the instant motion, plaintiffs disclosed their intention to
    rely on declarations provided by Pierre Mineau, Ph.D., John E. Losey, Ph.D., and John D.
25  Stark, Ph.D., each of whom has opined that certain threatened or endangered species may
    be adversely effected by reason of the use of clothianidin and thiamethoxam.

26       [3]Although the motion also includes an assertion that the expert opinions are
    "unreliable" (see Mot. at 2:6-7), the sole issue discussed therein is the question of
27  relevance, and, consequently, the Court does not further address herein the subject of
    reliability.  Indeed, in their reply, Intervenors state that "the reliability of the [method applied
28  by plaintiffs' experts] is not at issue."  (See Reply at 1:18-20.)

between the facts found and the conclusions made." Native Ecosystems Council v. U.S. Forest Service, 418 F.3d 953, 960 (9th Cir. 2005) (internal quotation and citation omitted). Although evidence outside the administrative record may, in some instances, be considered where it bears on the facts found or conclusions made by the agency, see, e.g., Conservation Congress v. U.S. Forest Service, 2012 WL 2339765, at *9 (June 19, 2012), in this instance, Intervenors have not identified any document in the administrative record that sets forth the facts found by the EPA to support a conclusion that the subject products would have no effect on an endangered or threatened species, nor have Intervenors otherwise identified any such facts. Further, the Court has not itself located any document in the administrative record that sets forth such facts.[4] Under the circumstances, the Court finds it premature to determine whether any of the declarations of the challenged experts, or any portion thereof, is relevant or irrelevant.

Accordingly, the motion to exclude will be denied, without prejudice to Intervenors' moving to exclude, or objecting to, the subject expert testimony at such time as it is offered in connection with the parties' cross-motions for summary judgment on the issue of liability.

**CONCLUSION**

For the reasons stated above, Intervenors' motion to exclude is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated:  March 10, 2016

MAXINE M. CHESNEY
United States District Judge

_____

[4]The administrative record exceeds 500,000 pages.

3