IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ELLIS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JACK HOUSENGER et al.,<br><br>    Defendants. | Case No. 13-cv-01266-MMC<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Re: Dkt. No. 220 |

    Before the Court is Pollinator Stewardship Council's "Motion for Leave to File Amicus Brief," filed April 20, 2016, by which it seeks leave to file, as proposed amicus curiae, a brief in support of plaintiffs' motion for summary judgment on the issue of liability, as to plaintiffs' first two claims for relief. Having read and considered the motion and reviewed the proposed amicus brief, the Court rules as follows.

    A district court has "broad discretion" to determine whether to allow amicus curiae to participate in a pending action, and "may grant leave to appear as an amicus if the information provided is timely and useful." See Waste Management of Pennsylvania, Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995). In making such determination, it is appropriate for the court to consider the content of the proposed amicus brief. See, e.g., Rocky Mountain Farmers Union v. Goldstene, 2010 WL 1949146, at *2 (E.D. Cal. May 11, 2010) (granting in part motion for leave to appear as amicus curiae to support motion to dismiss; declining to consider portion of brief that "raised legal arguments beyond those advanced by the defendants in their motions to dismiss"); Jupiter Networks v. Shipley, 2010 WL 986809, at *9 (N.D. Cal. March 17, 2010) (denying motion for leave to file amicus brief in support of opposition to motion to dismiss, where amicus curiae raised

argument district court found it "need not reach" in deciding motion to dismiss).

In the above-titled case, the First and Second Claims are brought under 7 U.S.C. § 136n(a), which provides that, where no hearing has been conducted, "the refusal of the [Environmental Protection Agency ("EPA")] to cancel or suspend a [pesticide] registration . . . [is] judicially reviewable by the district courts."  See 7 U.S.C. § 136n(a).  As set forth in the First and Second Claims, plaintiffs challenge the EPA's denial in part of plaintiffs' "Clothianidin Legal Petition" ("Petition"), by which plaintiffs asked the EPA to "suspend the registration of clothianidin."  (See Second Amended Complaint ("SAC") ¶¶ 82, 83, 103, 107.)  In particular, the first two claims challenge the EPA's alleged failure to consider certain information submitted in support of the Petition (see SAC ¶¶ 82-83, 104), and its ultimate denial of "the portion of the Petition alleg[ing] an 'imminent hazard'" (see SAC ¶¶ 83, 110).

The proposed amicus brief, citing fourteen studies and articles, asserts "there is extensive scientific evidence that existing agricultural use of clothianidin and thiamethoxam poses an 'imminent hazard'" and that "[the] EPA's conclusion to the contrary was arbitrary and capricious."  (See Proposed Brief at 1:13-16.)

As the parties have previously acknowledged, however, the First and Second Claims are "[claims] for review on an administrative record" (see Joint Case Management Statement, filed June 27, 2014, at 6:5-7), under which the Court will "review the record to ensure that the [EPA]," when it denied the relief plaintiffs sought, "considered the relevant factors."  See Foundation on Economic Trends v. Thomas, 637 F. Supp. 25, 27-28 (D. D.C. 1986) (discussing standard of review for claim brought under § 136n(a)).  Pollinator Stewardship Council does not contend any of the studies and articles on which it relies are included in the administrative record,[1] nor does it contend circumstances exist to warrant the Court's consideration of evidence outside the administrative record.

---

[1] Indeed, it would appear that almost all, if not all, of the cited material was published after July 17, 2012, the date on which the EPA denied the portion of the Petition addressd by the First and Second Claims.

2

Under such circumstances, the motion for leave is hereby DENIED, without prejudice to Pollinator Stewardship Council's seeking leave to file an amicus brief in the event plaintiffs prevail on the issue of liability and the Court conducts proceedings as to the appropriate form of relief.

**IT IS SO ORDERED.**

Dated:  April 29, 2016

MAXINE M. CHESNEY
United States District Judge